1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9

10   ROBERT GONZALES,                        No. C 05-1859 SI (pr)

11              Petitioner,              **ORDER OF DISMISSAL**

12        v.

13   JILL BROWN, warden,

14              Respondent.

15   _____/

16

17                          **INTRODUCTION**

18        Robert Gonzales, a prisoner currently in custody in the Santa Clara County Jail, filed a  pro

se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2000 conviction

19   in the Santa Clara County Superior Court.   This matter is now before the court for consideration

20   of respondent's motion to dismiss the petition as untimely and for plaintiff's motion for

21   reconsideration.   The court finds that the petition was not filed by the deadline in 28 U.S.C. §

22   2244(d) and therefore dismisses the petition.   Petitioner's motion for reconsideration will be

23   denied.

24

25                          **BACKGROUND**

26        Gonzales was convicted of robbery and was sentenced to a term of two years in prison on

27   November 28, 2000.   He did not appeal his conviction.   Gonzales did, however, file petitions for

28   writ of habeas corpus in state court before he filed this action.   His petition for writ of habeas

corpus in the Santa Clara County Superior Court was filed on December 29, 2004.  His petition for writ of habeas corpus in the California Court of Appeal was filed on February 22, 2005 and denied on March 9, 2005.  His petition for writ of habeas corpus in the California Supreme Court was filed on March 17, 2005 and denied on April 27, 2005.

Gonzales' federal petition in this action was stamped "filed" on May 6, 2005 and was signed on April 28, 2005.

Respondent filed a motion to dismiss the current petition on the ground that it was untimely filed.  Gonzales filed a "motion to deny the respondent's & grant motion for petitioner," on September 27, 2005, which the court construes to be an opposition to the motion to dismiss.

This is not Gonzales' only federal habeas action.  Gonzales filed a separate petition for writ of habeas corpus in which he challenged the execution of his sentence, <u>Gonzales v. Brown</u>, No. C 05-1167 SI.  Specifically, he alleged in Case No. C 05-1167 SI, that he was being detained beyond the expiration of his sentence.  The court denied the petition in Case No. C 05-1167 SI on December 7, 2005 and noted in its Order Denying Habeas Petition in Case no. C 05-1167 SI, that Gonzales had not filed a traverse.  Gonzales has filed a motion for reconsideration in this case (i.e., in Case No. C 05-1859 SI) in which he confuses his two actions and claims that his petition in this case (i.e., in Case no. C 05-1859 SI) should not have been denied because he sent in a traverse in October 2005.

**DISCUSSION**

A.    <u>Motion To Dismiss</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was

2

1  removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was
2  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and
3  made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have
4  been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

5         The starting date of the limitations period here is the ordinary one:  the date on which the
6  judgment became final after the conclusion of direct review or the time passed for seeking direct
7  review.  See 28 U.S.C. § 2244(d)(1)(A).  Gonzales was sentenced on November 28, 2000 and his
8  conviction became final sixty days thereafter on January 28, 2001 because he did not file an
9  appeal.  The limitations period commenced the next day, i.e., on January 29, 2001.  See Smith v.
10 Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002); Cal. Rule of Court 30.1(a); former Cal. Rule of
11 Court 31.  Absent any tolling, his federal petition had to be filed by January 29, 2002, to be timely.
12 His federal petition was not deemed filed until April 28, 2005, about 39 months after the deadline.
13 See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas
14 petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated
15 and remanded on other grounds, Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002).       Having
16 determined that the presumptive deadline for filing the federal petition was January 29, 2002, and
17 that petitioner missed it by years, the next step is to determine whether the limitations period
18 should be statutorily tolled.  The one-year limitations period will be tolled under § 2244(d)(2) for
19 the "time during which a properly filed application for State post-conviction or other collateral
20 review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).
21 Gonzales' first state habeas petition was not filed until December 29, 2004, about 35 months after
22 the limitations period had ended, so unless he is entitled to equitable tolling for the period before
23 the first state habeas petition was filed, the state habeas petitions were too late to matter for
24 statute of limitations purposes.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert.
25 denied, 540 U.S. 924 (2003) ("section 2244(d) does not permit the reinitiation of the limitations
26 period that has ended before the state petition was filed," even if the state petition was timely filed
27 under state law).

28

3

1    The final step is to determine whether equitable tolling applies.  Equitable tolling of the
2    limitation period is available upon a showing of extraordinary circumstances beyond a petitioner's
3    control which prevented him from timely filing the petition.  <u>See, e.g.,</u> <u>Calderon v. United States</u>
4    <u>District Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be
5    available in most cases because extensions of time should only be granted if extraordinary
6    circumstances beyond prisoner's control make it impossible for him to file petition on time), <u>cert.</u>
7    <u>denied</u>, 523 U.S. 1, <u>and cert. denied</u>, 523 U.S. 1061 (1998),  <u>overruled in part on other grounds by</u>
8    <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc), <u>cert.</u>
9    <u>denied</u>, 526 U.S. 1060 (1999).   Gonzales has not presented any argument for equitable tolling.
10   The limitations period will not be equitably tolled.

11   Gonzales' federal petition was deemed filed on April 28, 2005, about 39 months after the
12   deadline for filing.  The petition must be dismissed because it was not timely filed under 28 U.S.C.
13   § 2244(d)(1).

14

15   B.    Motion For Reconsideration

16   As noted in the "Background" section, this is one of two habeas actions filed by Gonzales.
17   His other petition challenged the execution of his sentence.  <u>See</u> <u>Gonzales v. Brown</u>, No. C 05-
18   1167 SI.   Gonzales' motion for reconsideration asks the court to reconsider the denial of the
19   habeas petition in this action because it did not consider Gonzales' traverse.   The motion for
20   reconsideration is DENIED because it is factually meritless.  (Docket # 13.)   The court has read
21   and considered the brief Gonzales filed in this action on September 27, 2005.   Moreover, the
22   court had not denied the petition in this action, as Gonzales erroneously asserted.

23   The denial of the motion for reconsideration is without prejudice to Gonzales filing such
24   a motion in his other action, if he contends he filed a traverse in that action. [1]   It is a litigant's
25   responsibility to keep track of all of the actions he has pending in a court and use the appropriate

26

27   ───────────────
         [1]No traverse appears in that file, or in this one.
28

4

1    case number on the first page of any document he files.

2                                    **CONCLUSION**

3            For the foregoing reasons, respondent's motion to dismiss is GRANTED. (Docket #5.)   The

4    petition is dismissed because it was not timely filed.   Petitioner's motion for reconsideration is

5    DENIED.  (Docket # 13.)  The clerk shall close the file.

6            IT IS SO ORDERED.

7    DATED:  January 9, 2006

8                                                                SUSAN ILLSTON
                                                                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5